EDWIN PLATT, Executor, etc., of MARY U. WORRALL, Deceased, Respondent, v. JOHN GRUBB and BENJAMIN J. HALL, as Executors, etc., of ISAAC WORRALL, Deceased, Appellants.

*Deposit in a savings bank of money of a husband, in the name of the husband and wife — right of the survivor to the fund.*

Appeal from a judgment in favor of the plaintiff, entered upon the trial of this action at the Dutchess Special Term by the court without a jury.

Isaac Worrall was the husband of Mary U. Worrall, and both are now dead. The plaintiff is the executor of the wife, and the defendants are the executors of the husband. During the lifetime of both, on the 5th day of July, 1882, the husband made a deposit of $1,500 of his own money in the Mechanics' Savings Bank, at Fishkill Landing, in the joint names of himself and his wife. It is found as a fact, by the judge before whom the cause was tried without a jury, that the money was so deposited because it was desired and intended that either might draw the whole or any part thereof during their joint lives, and on the death of either the survivor should be the owner, and have the whole amount then remaining on deposit, with whatever interest might have accumulated thereon. After the death of the husband the defendants, as his executors, obtained possession of the bank-book and drew a small portion of the money, and refuse now to deliver either to the plaintiff. The bank-book and the money were included in the inventory of the husband's estate, with the assent of the wife, who survived him. The trial judge decided that the money belonged to the husband; that it was deposited in the names of both and went to the survivor; that, in ignorance of her rights, she said it was the money of her husband, and that she had no interest in it, but as the parties had not acted upon this assertion it did not amount to an estoppel.

The court at General Term said: "By reason of the unity of husband and wife in the view of the law, an obligation taken in the name of both enures to the benefit of both, and the whole goes to

the survivor. This old rule of law is still prevalent in this State (*Bertles* v. *Nunan*, 92 N. Y., 151), and is in favor of the plaintiff here.

"In the case of *Mulcahey* v. *The Emigrant Industrial Savings Bank* (89 N. Y., 435), the plaintiff and her nephew opened a deposit account with the defendant, and the book was issued to the plaintiff or O'Keef, and it was held that the bank was authorized to pay on the separate order of each, and that such right was not terminated by the death of either. This case falls easily under the control of the principles enumerated in the case of *Sanford* v. *Sanford* (45 N. Y., 726, and 58 id., 72). That case, as last reported, is conclusive both on the question of the right of the wife and her waiver thereof."

We conclude, also, that the discretion of the court was properly exercised on the question of costs, and that the judgment should be affirmed, with costs.

*Edward Crummey*, for the appellants.

*Hackett & Williams*, for the respondent.

Opinion by DYKMAN, J.; CULLEN, J., concurred; BARNARD, P. J. not sitting.

Judgment affirmed, with costs.